**Bardhyl KOLLACKU, a.k.a. Besnik Bajraktari, Petitioner,**

**v.**

---

Alberto R. GONZALES,[1] Attorney General Respondent.

No. 04–1402.

United States Court of Appeals, Second Circuit.

Jan. 26, 2006.

Charles Christophe, Christophe & Associates, P.C., New York, N.Y., for Petitioner.

Paul I. Perez, U.S. Atty., for the Middle District of Florida, Karin B. Hoppmann, Charles T. Harden III, Asst. U.S. Attys., Tampa, Florida, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Bardhyl Kollacku, also known as Besnik Bajraktari ("Kollacku"), through counsel, petitions this Court for review of the BIA decision affirming, without opinion, a decision of an immigration judge ("IJ") denying his claims for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B);

*Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000). Where, as here, the BIA essentially adopts the reasoning of the IJ, this Court's review is "confined to the reasoning of the IJ, and [this Court] will not search the record independently for a basis to affirm the BIA." *Secaida–Rosales,* 331 F.3d at 305.

Here, the IJ relied on substantial evidence in finding that Kollacku had failed to meet his burden of demonstrating past persecution. *See* 8 C.F.R. § 208.13(b). Further, Kollacku also failed to establish a well-founded fear of future persecution. *See Ramsameachire,* 357 F.3d at 178. Although Kollacku claims that he fears arrest if returned to Albania, he conceded that the warrant for his arrest is based on his own criminal activities, and, thus, this alleged persecution is not "on account of" one of the enumerated grounds under 8 U.S.C. § 1101(a)(42). *See Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992) ("Punishment for violation of a generally applicable criminal law is not persecution.").

As Kollacku has not met the standard for granting asylum, his claim for withholding of removal must fail as well. *See Ramsameachire,* 357 F.3d at 178. Further, the IJ correctly determined that Kollacku had also failed to meet his burden under the CAT. To be eligible for withholding of deportation under the CAT, an applicant must establish that "it is more likely than not that he would be tortured if

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto

Gonzales is substituted for his predecessor, John Ashcroft, as the respondent in this case.

removed to the proposed country of removal." 8 U.S.C. § 208.13(c)(2); *see also Wang v. Ashcroft*, 320 F.3d 130, 133 (2d Cir.2003). Kollacku claims that he will be arrested if returned to Albania. However, as explained above, this fear is based on Kollacku's criminal activities and Kollacku does not dispute that this is a "lawful sanction" that would not "defeat the object and purpose of the [CAT] to prohibit torture." *Khouzam v. Ashcroft*, 361 F.3d 161, 169 (2d Cir.2004) (explaining that the Senate qualified relief under the CAT to exclude lawful sanctions imposed by a government, as long as those sanctions did not defeat the purpose of the CAT) (internal quotations omitted).

We have reviewed the remainder of Kollacku's claims and find them meritless. Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).